FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 10 2005

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL COSTANZO, | ) | Case No. 8:04CV99 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER ON** |
| | ) | **PRETRIAL CONFERENCE** |
| CITY OF OMAHA, DONALD CAREY, | ) | |
| ALAN PEPIN, MARTIN CONBOY, and | ) | |
| BRIDGET HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

A final pretrial conference was held on the 10th day of June, 2005. Appearing for the parties as counsel were David L. Nich, Jr. for the Plaintiff and Thomas O. Mumgaard for the Defendants.

(A)  EXHIBITS IN EVIDENCE. The following exhibits are received in evidence without objection and no formal offer need be made of them: See attached lists.

(B)  UNCONTROVERTED FACTS. The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and Nebraska Revised Statute §20-148. The Court has jurisdiction over the subject matter and venue is proper.

2. At all times relevant to this case, Paul Costanzo was a resident of Omaha, Nebraska.

3. The City of Omaha is a political subdivision of the State of Nebraska and operates the Omaha Police Department and the Prosecution Division of the Omaha Law Department.

4. At all times relevant to this case, Donald Carey and Alan Pepin were sworn police officers of and employees of the City of Omaha and Donald Carey was the Chief of the Police

Department. At all times relevant to this case, Bridget Howell was a non-sworn employee of the Omaha Police Department.

5. At all times relevant to this case, Martin Conboy was an employee of the City of Omaha, serving as the City of Omaha Prosecutor and supervising the activities of the Omaha Law Department, Prosecution Division.

6. At all times relevant to this case, Donald Carey, Alan Pepin, Bridget Howell, and Martin Conboy acted under color of law.

7. On August 29, 2001, Ms. Julie Erhart, Mark Macke, and Andrea Macke reported to Omaha police officers that several confrontations had occurred between them and members of the Paul Costanzo family in or about these persons' yards. The police officers documented this claim in a police report that was available for review by the Omaha City Prosecutor.

8. On August 29, 2001, Ms. Julie Erhart reported to an Omaha police officer that Paul Costanzo had verbally threatened her. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

9. On September 16, 2001, Paul Costanzo's daughter reported to an Omaha police officer that a confrontation between her and Andrea Macke had occurred in or about these persons' yard. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

10. On September 24, 2001, Ms. Julie Erhart submitted to the Omaha Prosecutor's office an affidavit describing an encounter she'd had with Paul Costanzo. Ms. Erhart signed the affidavit under oath. On that date she signed a "Prosecuting Attorney's Complaint Agreement" asking the Omaha City Prosecutor to prosecute Paul Costanzo on account of the encounter. That Agreement further stated that she agreed that the allegations were of a serious nature, that the allegations were

true, that she would appear and testify in support of the allegations at any court proceedings if asked to do so, and that only the City Prosecutor or his staff had the power to dismiss those charges. On October 15, 2001, Ms. Erhart signed under oath a Complaint and Information charging Paul Costanzo with the crime of Disorderly Conduct. These charges were subsequently amended to charge Disturbing the Peace. The Complaint and Information was reviewed and approved by an attorney under the supervision of Martin Conboy and filed with the court by that attorney. On October 16, 2001, a Judge of the County Court of Douglas County signed a warrant for the arrest of Paul Costanzo based on the Complaint and Information signed by Ms. Erhart. On December 7, 2001, a Judge of the County Court of Douglas County found Paul Costanzo guilty of Disturbing the Peace, as alleged by that Complaint and Information.

11. On September 25, 2001, Mr. Mark Macke reported to an Omaha police officer that a member of Paul Costanzo's family was suspected of making harassing telephone calls to Mr. Macke's place of employment. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

12. On September 25, 2001, Paul Costanzo's daughter reported to an Omaha police officer that a confrontation had occurred between her and Mark Macke in or about these person's yards. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

13. On May 1, 2002, Ms. Andrea Macke reported to an Omaha police officer that Paul Costanzo's wife verbally threatened her. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

14. On May 11, 2002, Ms. Andrea Macke reported to an Omaha police officer that Paul Costanzo's wife had physically assaulted her. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

15. On May 13, 2002, Paul Costanzo's wife reported to an Omaha police officer that a confrontation had occurred between her and Andrea Macke in or about these persons' yards. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

16. On August 23, 2002, Ms. Theresa Jones reported to an Omaha police officer that a confrontation had occurred between her and Paul Costanzo and his wife. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

17. On November 6, 2002, Ms. Andrea Macke and Paul Costanzo's wife reported to Omaha police officers that a verbal confrontation between Mark Macke and Paul Costanzo had occurred in or about these persons' yard. The police officer documented these claims in police reports that were available for review by the Omaha City Prosecutor.

18. On March 23, 2003, Ms. Andrea Macke reported to an Omaha police officer that a confrontation between her and Paul Costanzo had occurred in or about these persons' yard. The police officer documented this claim in a police report that was available for review by the Omaha City Prosecutor.

19. On March 27, 2003, Ms. Julie Erhart, Ms. Andrea Macke, and Ms. Theresa Jones submitted to the Omaha Prosecutor's office individual affidavits describing several encounters they'd had with Paul Costanzo. They signed the affidavits under oath. On March 27, 2003, Ms. Erhart, Ms. Macke, and Ms. Jones signed under oath individual Complaint and Information documents charging Paul Costanzo with the crime of Stalking. The Complaint and Information was reviewed and

4

approved by an attorney under the supervision of Martin Conboy and filed with the court by that attorney. On March 31, 2003, a Judge of the County Court of Douglas County signed a warrant for the arrest of Paul Costanzo based on the Complaint and Information documents. On September 29, 2003, the charges were dismissed on the motion of the Omaha City Prosecutor.

20. At all times relevant to this case, the Omaha Police Department had an established policy authorizing officers to advise citizens that they could use the misdemeanor warrant procedure to seek a legal remedy when they believed a crime had been committed against them. That procedure required the citizen to go to the City Prosecutor's office and, through a sworn affidavit, provide the Prosecutor or his legal staff with sufficient information to establish probable cause for an arrest. The Police Department policy understood that the decision to seek a warrant for anyone's arrest would be up to the City Prosecutor and the decision to issue a warrant would be up to a judge.

21. At all times relevant to this case, the Omaha City Prosecutor had an established policy authorizing citizens to use the misdemeanor warrant procedure to seek a legal remedy when they believed a crime had been committed against them. That procedure required the citizen to go to the City Prosecutor's office and, through a sworn affidavit, through reports of police officers, and through other available reliable information, provide the Prosecutor or his legal staff with sufficient information to establish probable cause to believe a crime had been committed and that the named person had committed it. The City Prosecutor or his legal staff retained the sole authority to decide whether or not to seek a warrant for anyone's arrest and the decision to issue a warrant for arrest was solely up to a judge.

(C)   CONTROVERTED AND UNRESOLVED ISSUES. The issues remaining to be determined and unresolved matters for the court's attention are:

1.   Whether the arrest of Paul Costanzo in 2001 and 2003 pursuant to arrest warrants issued on sworn affidavits of citizens deprived Paul Costanzo of his constitutional rights not to be arrested without probable cause as protected by the 4th and 14th Amendments to the United States Constitution.

2.   If Paul Costanzo was deprived of his constitutional rights in this manner, whether the deprivation was a proximate result of a policy or established practice of the City of Omaha.

3.   If Paul Costanzo was deprived of his constitutional rights in this manner, whether the deprivation was a proximate result of an act by Donald Carey, Alan Pepin, Martin Conboy, and/or Bridgett Howell.

4.   If Paul Costanzo was deprived of his constitutional rights in this manner, the damages, if any, proximately caused by the deprivation; specifically:

   a)   General damages for the loss of a constitutional right;

   b)   Special damages in the amount of $_____ incurred as lost wages, future earnings, moving costs, fees, and fines.

   DEFENDANT OBJECTS TO THIS LISTING OF SPECIAL DAMAGES AS INCLUDING ITEMS NEVER DISCLOSED AS REQUIRED BY FED. RULE CIVIL PROC. 26(a)(1)(C) AND SCHEDULING ORDERS ENTERED BY THIS COURT. *[handwritten: issue struck for nondisclosure, without prejudice]*

5.   If Paul Costanzo was deprived of his constitutional rights in this manner, whether Plaintiff is entitled to recover attorney fees, and the amount thereof, pursuant to 42 U.S.C. § 1988.

6.   Whether Defendant Martin Conboy is entitled to prosecutorial immunity for the decisions to institute criminal charges against Paul Costanzo in October, 2001, and/or March, 2003.

7. Whether Nebraska Revised Statute § 20-148 (Reiss. 1997) provides a basis for recovery by Plaintiff.

(D) <u>WITNESSES</u>. All witnesses, including rebuttal witnesses, whom the plaintiff expects to call to testify, except those who may be called for impeachment purposes as defined in NELR 16.1(c) only, are: [ALL WITNESSES RESIDE IN OMAHA UNLESS OTHERWISE NOTED]

| WITNESS NAME | ADDRESS OR OTHER IDENTIFIER | WILL CALL | MAY CALL |
|---|---|---|---|
| Paul Costanzo | Plaintiff | X | |
| Bridget Howell | Defendant | | X |
| Marty Conboy | Defendant | | X |
| Donald Carey | Defendant, resident of Melbourne, Florida | | X |
| Alan Pepin | Defendant, resident of Anchorage, Alaska | | X |
| *Wanda Costanzo | Plaintiff's wife | | X |
| *Tami Costanzo | Plaintiff's daughter | | X |
| *Tristin Bonn | City of Omaha Public Safety Auditor | | X |
| *L. Steven Grasz | Blackwell & Sanders, Attorneys At Law, 13710 FNB Parkway | | X |
| *Mike Fahey | City of Omaha Mayor | | X |
| *Paul Landow | City of Omaha Mayor's Chief of Staff | | X |
| *Chris Liecke | City of Omaha Police Officer | | X |
| *William Erhart | 9225 Spaulding Street | | X |
| *Mary Beth Erhart | 9225 Spaulding Street | | X |
| *Edward C. Birkel | 1220 State Capitol, Lincoln, NE. | | X |
| *Deborah A. Carey-Minardi | 8303 Spring Plaza | | X |
| *Robert S. Blanchard | 8303 Spring Plaza | | X |
| *Angela Carlson | 8303 Spring Plaza | | X |
| *John Doe (True identity unknown) | Douglas County Sheriff's Office | | X |
| Omaha Public Schools Director | | | X |
| South High School Principal | | | X |
| Any person listed by Defendants, below | | | X |

\* DEFENDANTS OBJECT TO CALLING THIS WITNESS AS THE WITNESS WAS NOT DISCLOSED AS REQUIRED BY FED. RULE CIVIL PROC. 26(a)(1)(A) AND SCHEDULING ORDERS ENTERED BY THIS COURT.

*[Handwritten: Wanda and Tami Costanzo for damages only — otherwise defendants objections are sustained for nondisclosure.]*

7

All witnesses whom the defendant expects to call to testify, except those listed in the preceding paragraph as expected to be called by the plaintiff and except those who may be called for impeachment purposes only, are:

| WITNESS NAME | ADDRESS OR OTHER IDENTIFIER | WILL CALL | MAY CALL |
|---|---|---|---|
| Bridget Howell | Defendant | X | |
| Marty Conboy | Defendant | X | |
| Andrea Macke | 9148 Manderson Street | X | |
| Mark Macke | 9148 Manderson Street | X | |
| Theresa Jones | 9153 Manderson Street | X | |
| Julie Erhart | 9225 Spaulding Ave. | X | |
| Tom Erhart | 9225 Spaulding Ave. | X | |
| Paul Pennington | Assistant City Attorney, City of Omaha prosecutor | X | |
| J. Michael Tesar | Deputy City Attorney; City of Omaha prosecutor | X | |
| Alan Pepin | Defendant - resident of Anchorage, Alaska | | X |
| Donald Carey | Defendant - resident of Melbourne, Florida | | X |
| John Waldron | 11230 Miami Circle | | X |
| Janet Grant | 6404 North 79th Ave. | | X |
| Peter Macke | 9148 Manderson Street | | X |
| Kaycee Jones | 9153 Manderson Street | | X |
| Marcus Jones | 9153 Manderson Street | | X |
| Anna Becker | 9160 Manderson Street | | X |
| David Becker | 9160 Manderson Street | | X |
| Joe Becker | 9160 Manderson Street | | X |
| David Smalheiser | Assistant City Attorney, City of Omaha prosecutor | | X |
| Michael Goldberg | Assistant City Attorney, City of Omaha prosecutor | | X |
| Michael Winchester | Assistant City Attorney, City of Omaha prosecutor | | X |
| Thomas Harmon | Attorney, office at 6035 Binney Street | | X |
| Thomas Warren | City of Omaha Police Chief | | X |
| Officer Linda Rod | City of Omaha police officer | | X |
| Officer Angela Echtenkamp | City of Omaha police officer | | X |
| Officer Charles Myles | City of Omaha police officer | | X |
| Officer Charles Ott | City of Omaha police officer | | X |
| Officer David Adams | City of Omaha police officer | | X |
| Officer David Preston | City of Omaha police officer | | X |
| Officer Kevin Nelson | City of Omaha police officer | | X |

| WITNESS NAME | ADDRESS OR OTHER IDENTIFIER | WILL CALL | MAY CALL |
|---|---|---|---|
| Officer Keith Miskie | City of Omaha police officer | | X |
| Officer Michele Santee | City of Omaha police officer | | X |
| Officer Randall Mitchell | City of Omaha police officer | | X |
| Officer Rosemary Burde | City of Omaha police officer | | X |
| Officer Shayna Ray | City of Omaha police officer | | X |
| Officer Theodore Wesack | City of Omaha police officer | | X |
| Rudy Tesar (foundation only) | Clerk of the District Court of Douglas County | | X |
| Teresa Smith-Sims (foundation only) | Douglas County Court Criminal/Traffic Division manager | | X |
| Jane Alexander (foundation only) | Omaha Police Department Records Unit manager | | X |
| Omaha Public Schools Personnel Department representative | Omaha, Nebraska | | X |

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness appearing on any party's witness list may be called by any other party. "Impeachment purposes" shall mean only (1) to attack or support the credibility of a witness or (2) to attack or support the validity of or the weight to be given to the contents of a document or other thing used solely to attack or support the credibility of a witness. It does not include evidence which merely contradicts other evidence.

    (E)    <u>EXPERT WITNESSES' QUALIFICATIONS</u>.

        (i)    Experts to be called by plaintiff and their qualifications are:

        None

        (ii)    Experts to be called by defendant and their qualifications are:

        None

9



(F) <u>DEPOSITIONS AND OTHER DISCOVERY DOCUMENTS</u>.

(i) All depositions, answers to written interrogatories, and requests for admissions or portions thereof which are expected to be offered in evidence by the plaintiff as part of the plaintiff's case-in-chief are:

1. None

Objections by the defendant are: Not applicable

(ii) All depositions, answers to written interrogatories, and requests for admissions or portions thereof which are expected to be offered in evidence by the defendant as part of the defendant's case-in-chief are:

1. None

Objections by the plaintiff are: Not applicable

(G) <u>VOIR DIRE</u>. Counsel have reviewed Fed. R. Civ. P. 47(a) and NELR 47.1 and suggest the following with regard to the conduct of juror examination: Examination first by the Court, then supplemented by further inquiry by counsel.

(H) <u>NUMBER OF JURORS</u>. The parties suggest that this matter be tried to a jury composed of 12 members.

(I) <u>VERDICT</u>. The parties will not stipulate to a less than unanimous verdict.

(J) <u>DELIVERY OF BRIEF, INSTRUCTIONS, AND/OR PROPOSED FINDINGS</u>.

(i) Trial briefs shall be filed at least five (5) working days before the first day of trial.

(ii) Proposed jury instructions shall be filed at least five (5) working days before the first day of trial.



(iii)   Exhibit notebook shall be delivered to the Trial Judge at least five (5) working days before the first day of trial.

(K)   LENGTH OF TRIAL. Counsel estimate the trial will consume not less than 2 day(s), not more than 3 day(s), and probably about 3 day(s).

(L)   TRIAL DATE. Trial ~~is set for June 28-30, 2005.~~ to be determined by the Court.
(M) Any motion for summary judgment to be filed by June 30, 2005.
Accepted by the parties this 10th day of June, 2005.

PAUL COSTANZO, Plaintiff,

By /s/ David L. Nich, Jr.
DAVID L. NICH, JR., No. 21986
204 Galvin Road North
Suite B
Bellevue, Nebraska 68005
Telephone: 402-505-6293

CITY OF OMAHA, DONALD CAREY, ALAN PEPIN, MARTIN CONBOY, and BRIDGET HOWELL, Defendants

By /s/ Thomas O. Mumgaard
THOMAS O. MUMGAARD, No. 16004
Deputy City Attorney
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE 68183
Telephone: 402-444-5115

Approved by the Court this 10th day of June, 2005.

/s/ Thomas D. Thalken
Thomas D. Thalken
United States Magistrate Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PAUL COSTANZO, | ) | Case No. 8:04CV99 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | LIST OF EXHIBITS |
| CITY OF OMAHA, DONALD CAREY, ALAN PEPIN, MARTIN CONBOY, and BRIDGET HOWELL, | ) | |
| Defendants. | ) | Courtroom Deputy:<br>Court Reporter: |

Trial Dates: June 28-30, 2005

| Exhibit No. | | | Description | Offered | Objection | Rec'd | Not Rec'd | Date |
|---|---|---|---|---|---|---|---|---|
| Pl | Def | 3Pty | | | | | | |
| 1 | | | Income tax returns & pay stubs of Paul Costanzo | | R, H, A, O (not disclosed) | | | Obj under 26 FRCvP sustained |
| 2 | | | Omaha World Herald articles concerning Paul Costanzo & Wanda Costanzo | | R, H, A, O (not disclosed) | | | Obj under 26 FRCvP sustained |
| 3 | | | OPD Internal Affairs documents that are the subject of a motion to compel to be made at the pretrial hearing. | | R, H, O (not disclosed) | | | Oral motion made. Denied, no exhibits to be listed. |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| | 101 | | Omaha Police Department information card re procedure for obtaining a misdemeanor warrant (form 241)(front & back) | | | X | | |
| | 102 | | OPD Uniform Crime Report by L. Rod, RB#09161-U (2 pgs) | | | ✓ | | |
| | 103 | | OPD Uniform Crime Report by L. Rod, RB#17679-U (2 pgs) | | | ✓ | | |



| Exhibit No. | | | Description | Offered | Objection | Rec'd | Not Rec'd | Date |
|---|---|---|---|---|---|---|---|---|
| Pl | Def | 3Pty | | | | | | |
| | 104 | | OPD Uniform Crime Report by D. Adams, RB#82155U (4 pgs) | | | ✓ | | |
| | 105 | | OPD Uniform Crime Report by C. Ott with Supplementary, RB#85465-U (4 pgs) | | | ✓ | | |
| | 106 | | OPD Uniform Crime Report by C. Ott with Information Report, RB#40126-A (4 pgs) | | | ✓ | | |
| | 107 | | OPD Information Report by T. Wesak, RB#79488-A (2 pgs.) | | | ✓ | | |
| | 109 | | OPD Information Report by D. Preston, RB#11851-U (2 pgs.) | | | ✓ | | |
| | 110 | | OPD Information Report by L. Rod with Supplementary, RB#09162-U (4 pgs.) | | | ✓ | | |
| | 111 | | OPD Information Report by R. Burdess, September 25, 2001 (2 pgs.) | | | ✓ | | |
| | 112 | | OPD Information Report by A. Echtenkamp, RB#26048 (2 pgs.) | | | ✓ | | |
| | 113 | | OPD Information Report by C. Myles, RB#11025-A (1 pgs.) | | | ✓ | | |
| | 114 | | OPD Information Report by M. Santee, RB#U85933 | | | ✓ | | |
| | 115 | | Photocopy of photograph of Costanzo back yard with tree | | | ✓ | | |
| | 116 | | Selected court records in CR 01-30701 (Complaint; Harassment Protection Order; Prosecuting Attorney's Complainant Agreement; Affidavit of Complaining Witness; Arrest Warrant; Journal Entry re conviction). | | | ✓ | | |
| | 117 | | Selected court records in CR 03-9431 (Complaint; Affidavit of Complaining Witness; Arrest Warrant; Journal Entry re dismissal). | | | ✓ | | |

2



| Exhibit No. | | | Description | Offered | Objection | Rec'd | Not Rec'd | Date |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Pl | Def | 3Pty | | | | | | |
| | 118 | | Selected court records in CR 03-9430 (Complaint; Affidavit of Complaining Witness; Arrest Warrant; Journal Entry re dismissal) | | | ✓ | | |
| | 119 | | Selected court records in CR 03-9429 (Complaint; Affidavit of Complaining Witness; Arrest Warrant; Journal Entry re dismissal). | | | ✓ | | |

**OBJECTIONS**
R: Relevancy
H: Hearsay
A: Authenticity
O: Other (specify)

3

